B255 (Form 255 – Subpoena in an Adversary Proceeding) (12/07)

# UNITED STATES BANKRUPTCY COURT
## Southern District of Florida

| | |
|---|---|
| In re EDWARD A. CARLSON,<br>Debtor | **SUBPOENA IN<br>AN ADVERSARY PROCEEDING** |
| Plaintiff<br>V.<br>Defendant | Case No. *  08 B 22322<br>Northern District of Illinois<br><br>Chapter  7 |
| To: Edwin Kollinger<br>2633 NE 29th St.<br>Ft. Lauderdale, FL 33306 | Adv. Proc. No. * 09 A 231 |

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above adversary proceeding.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
SEE EXHIBIT A ATTACHED HERETO.

| PLACE | DATE AND TIME |
|---|---|
| Shaheen, Novoselsky, Staat, Filipowski & Eccleston, P.C.<br>20 N. Wacker Dr., Suite 2900, Chicago, Illinois 60606 | August 21, 2009 at 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this adversary proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in adversary proceedings by Rule 7030, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *[signature: Jack L. Haan]* | DATE *July 24, 2009* |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER<br>Jack L. Haan, Shaheen, Novoselsky, Staat, Filipowski & Eccleston, P.C.<br>20 N. Wacker Drive, Suite 2900, Chicago, Illinois 60606 | |

* If the bankruptcy case or the adversary proceeding is pending in a district other than the district in which the subpoena is issued, state the district under the case number or adversary proceeding number.

American LegalNet Inc
www.FormsWorkflow.com

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | 20 North Wacker Drive, Chicago, Illinois 60606 |
| SERVED ON (PRINT NAME)<br>Edwin Kollinger | | MANNER OF SERVICE<br>Certified Mail-Return Receipt Requested |
| SERVED BY (PRINT NAME)<br>Lytrice Wash | | TITLE<br>Secretary |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____           _____
                         DATE                                          SIGNATURE OF SERVER

20 North Wacker Drive, Suite 2900, Chicago, Illinois 60606
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
 (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
 (2) Command to Produce Materials or Permit Inspection.
  (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
 (3) Quashing or Modifying a Subpoena.
  (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies, or
   (iv) subjects a person to undue burden.
  (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information;
   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
   (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

  (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
 (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
  (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) Claiming Privilege or Protection.
  (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has, must not use or disclose the information until the claim is resolved, must take reasonable steps to retrieve the information if the party disclosed it before being notified, and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

American LegalNet, Inc
www.FormsWorkflow.com

## EXHIBIT A
### Subpoena *Duces Tecum* to Edwin Kollinger

This Subpoena demands the production of documents from Edwin Kollinger, and any of his authorized agents.

You should produce copies of the documents to be produced without deleting, removing, or redacting any portion of any of them. If, however, you do delete, remove, or redact any portion of any of those documents based on any claim that any information in any of the documents is not subject to public disclosure, then you should produce the documents in such a way that it is obvious and conspicuous what information has been deleted, removed or redacted and you should notify the attorney, Jack L. Haan, for North Shore Community Bank and Trust Company, in writing of the claimed legal basis for each such deletion, removal or redaction.

In the categories of documents requested below, the following terms have the following meanings:

A. "Fox Valley" shall mean Fox Valley Ice Arena, LLC, a Delaware limited liability company, and anyone acting on its behalf, including its Members, Managers, officers, employees, agents, representatives and attorneys.

B. "CMS" shall mean Comprehensive Management Services, Inc., an Illinois corporation, and anyone acting on its behalf, including its shareholders, officers, employees, agents, representatives and attorneys.

C. "North Shore" shall mean North Shore Community Bank and Trust Company, and anyone acting on its behalf.

1

## Documents Requested

1. Any and all documents since January 1, 2006 reflecting communications between Edward A. Carlson, Edwin Kollinger, Herbert Kollinger or Erich Kollinger and Fox Valley relating to the execution of any mortgage document(s) by Fox Valley in connection with a loan made by North Shore to CMS in 2006 and thereafter.

2. Any and all Member, officer, board of director resolutions, minutes or consents of Fox Valley since January 1, 2006.

3. Any and all Member, officer or board of director resolutions, minutes or consents of Fox Valley recognizing Edward A. Carlson, Edwin Kollinger, Herbert Kollinger or Erich Kollinger becoming or being an individual Member of Fox Valley.

4. Any and all documents reflecting that Edward A. Carlson, Edwin Kollinger, Herbert Kollinger or Erich Kollinger was an individual Member of Fox Valley.

5. All documents of Fox Valley authorizing Edward A. Carlson, Edwin Kollinger, Herbert Kollinger or Erich Kollinger to act as a Member of Fox Valley in executing any mortgage document(s) between Fox Valley and North Shore.

6. All documents authorizing Edward A. Carlson, Edwin Kollinger, Herbert Kollinger or Erich Kollinger to act for Fox Valley in executing any mortgage document(s) between Fox Valley and North Shore.

7. All documents relevant to Edward A. Carlson's, Edwin Kollinger's, Herbert Kollinger's or Erich Kollinger's power, right and authority to pledge or lien the assets of Fox Valley to secure the loan made by North Shore to CMS in 2006 and thereafter.

8. All documents reflecting any involvement of Herbert Kollinger, Edwin Kollinger, or Erich Kollinger in the business of Fox Valley since January 1, 2005.

9. All documents authorizing Edward A. Carlson, Edwin Kollinger, Herbert Kollinger or Erich Kollinger to act for Fox Valley in executing any mortgage document(s) between Fox Valley and North Shore in 2006 or thereafter.

10. All Fox Valley documents reflecting the authorization of Herbert Kollinger, Edwin Kollinger, or Erich Kollinger to act for Fox Valley in executing any mortgage document(s) with North Shore in 2006 or thereafter.

11. All communications between Edward A. Carlson and Herbert Kollinger, Edwin Kollinger, or Erich Kollinger relating to the loan made by North Shore to CMS in 2006 and thereafter.

12. All documents, including all correspondence between Edward A. Carlson, Edwin Kollinger, Herbert Kollinger or Erich Kollinger and any Member or Manager of Fox Valley relating to the loans made by North Shore to CMS in 2006 and thereafter.

13. A copy of the signed Fox Valley Operating Agreement with all revisions and addenda to same in effect since January 1, 2000.

14. All communications between Edward A. Carlson, Edwin Kollinger, Herbert Kollinger or Erich Kollinger and North Shore since January 1, 2005.